IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| WILLIAM VAN JOHNSON, | : |
| Plaintiff, | : |
| VS. | : |
| | :     1 : 12-CV-31 (WLS) |
| Dr. DWAYNE AYERS, and TIFFANY WHATLEY, | : |
| Defendants. | : |

**ORDER and RECOMMENDATION**

Presently pending herein are Defendants' Motion to Dismiss (Doc. 16) and Plaintiff's Motion for the Appointment of Counsel (Doc. 19). The Plaintiff filed this action pursuant to 42 U.S.C. ▪ 1983 in March 2012, raising allegations of deliberate indifference to his serious medical conditions while he was confined at Calhoun State Prison. (Doc. 1). In response to a Court directive, the Plaintiff filed a Supplemental Complaint on March 22, 2012. (Doc. 6).

Plaintiff maintains that he suffers from medical conditions including cartilage and bone deterioration, degenerative disc disease, left hand and arm disorders, separation of his collarbone, and the need for knee replacements. (Doc. 6). In his Complaints, the Plaintiff alleges that upon his arrival at Calhoun State Prison, Defendant Dr. Ayers took Plaintiff's wheelchair, forced him to use crutches, and refused to provide a "short distance profile". Plaintiff maintains that he was forced to wait for abnormally long periods of time to see medical staff at Calhoun State Prison, that he was only permitted to see a physician's assistant, was not told of the results of orthopedic consults, and that Defendant Whatley, the Health Services Administrator at Calhoun State Prison, participated in the delaying of Plaintiff's medical treatment. Additionally, Plaintiff alleges that he was diagnosed as needing knee replacement surgery, but that the Defendants intentionally delayed

and blocked this surgery.

### *Standard of Review*

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

### *Failure to exhaust*

Defendants assert that the Plaintiff has failed to exhaust administrative remedies as to all claims except his claim regarding the denial of knee surgery, and seek dismissal of those claims based on this lack of exhaustion. (Doc. 16). Specifically, the Defendants assert that Plaintiff's claims that Dr. Ayers took his wheelchair and forced him to use crutches, would not provide Plaintiff with a "short distance profile", that the Defendants forced him to wait excessive periods of time and in general delayed his medical treatment, that he was only permitted to see a physician's assistant and that he was not told of the results of orthopedic consults, are unexhausted.

In regard to exhaustion of administrative remedies, the Prison Litigation Reform Act ("PLRA") mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison

2

conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.@ 42 U.S.C. ' 1997e (a). In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). AAn inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper. Thus, if an inmate has filed an 'untimely or otherwise procedurally defective administrative grievance or appeal, he has not properly exhausted his administrative remedies.@*Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

Plaintiff has responded to Defendants' Motion to Dismiss, but does not address therein the issue of exhaustion, and argues only that the merits of his claims entitle him to relief. (Doc. 20). Plaintiff's unexhausted claims are subject to dismissal pursuant to the first step of the *Turner* analysis.

The Defendants establish, by means of the affidavit testimony of Christine Cross, Deputy Warden of Care and Treatment at Calhoun State Prison, that a grievance system was in place at Calhoun State Prison at the time of the incidents underlying this lawsuit.  (Doc. 16-2).  The Defendants further establish, supported by the affidavit testimony of Cross, that during Plaintiff's incarceration at Calhoun State Prison and prior to the filing of this lawsuit, Plaintiff filed informal and formal grievances, but completed the grievance process only in regard to his claims that he was denied knee surgery.  *Id.*  As to the Plaintiff's claims other than that related to the denial of knee surgery, Plaintiff did not file any type of grievance.  *Id.*

The Court finds that the Plaintiff has not exhausted his claims that Dr. Ayers took his wheelchair and forced him to use crutches, would not provide Plaintiff with a "short distance profile", that the Defendants forced him to wait excessive periods of time and in general delayed his medical treatment, and that he was only permitted to see a physician's assistant and was not told of the results of orthopedic consults, in that, he has not utilized all available remedies to grieve these alleged offenses of the Defendants.  The affidavit testimony in support of the Defendants' Motion to Dismiss establishes the presence of a grievance system at Calhoun State Prison and establishes that the Plaintiff did not complete the grievance process regarding the above-identified claims prior to filing this lawsuit.

The evidence before the Court shows that Plaintiff did not properly pursue and exhaust the grievance procedure, leaving administrative remedies unexhausted.  The PLRA "requires proper exhaustion"  *Woodford*, 548 U.S. at 92.  In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must comply with any administrative "deadlines and other critical procedural rules" in place.  *Id.*  Exhaustion of the grievance system by means of filing some form of proper grievance is required.  *Parzyck v. Prison Health Services, Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010) (citing *Jones v. Bock*, 549 U.S. 199, 219 (2007)).  The Court

4

finds that the Defendants have met their burden to establish that the Plaintiff failed to exhaust his administrative remedies as to the claims identified above.

The Court notes that there is no indication that Plaintiff's use of the grievance process was prohibited by prison officials, by means of threat or otherwise. In order to demonstrate that administrative remedies were unavailable, the Plaintiff must point to specific facts showing that officials prohibited or blocked his use of the grievance process. *Miller v. Tanner*, 196 F.3d 1190, 1194 (11th Cir. 1999) (inmate was not required to file an appeal after being told unequivocally, and in writing, that appeal was precluded; plaintiff produced memorandum denying grievance and informing plaintiff that no appeal was available); *Turner*, 541 F.3d at 1085 (prison official's serious threats of retaliation against an inmate for pursuing a grievance render administrative remedies unavailable).

*Knee replacement claim*

Plaintiff's allegations that the Defendants were deliberately indifferent to his need for knee replacement surgery do not state a plausible claim for relief based on the Defendants' deliberate indifference to serious medical needs. Plaintiff does not allege that the Defendants knew he required a certain treatment for his knee condition, yet withheld it. Plaintiff merely alleges that an "orthopedic at GSP" commented that his "knees need replaceing [sic]". (Doc. 6). Thus, Plaintiff presents only a comment from an unidentified medical source recommending knee replacement surgery and further alleges that Defendants did not provide him with this surgery. Furthermore, the Court notes that notations in the Plaintiff's grievance history indicate that Plaintiff admitted such surgery was not recommended due to his circulation problems. (Doc. 16-3, pp. 10, 11).

"[T]he failure to provide diagnostic care and medical treatment *known to be necessary* [i]s deliberate indifference." *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086 (11th Cir. 1986)(emphasis added). Plaintiff's allegations regarding the failure to provide knee replacement

5

surgery amount only to a claim regarding disagreement over proper medical treatment, which does not give rise to a constitutional claim.  *Harris v. Thigpen*, 941 F.2d 1495, 1507 (11th Cir. 1991). Such conclusory allegations of deliberate indifference do not establish a claim that is plausible on its face.  *Twombly*, 550 U.S. at 555 (plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

*Conclusion*

Inasmuch as the Plaintiff has failed to fully exhaust administrative remedies as to all but one of his claims brought against the Defendants, and has failed to state a plausible claim for relief as to that one claim regarding the alleged failure of the Defendants to provide knee replacement surgery, it is the recommendation of the undersigned that the Defendants' Motion to Dismiss be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the Recommendation set forth herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motion for Appointment of Counsel*

Plaintiff has petitioned this court to appoint legal counsel to represent him in this proceeding.   (Doc. 19). Generally speaking, no right to counsel exists in § 1983 actions.  *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983).   Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented. *See Holt*

*v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).   Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the Plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the Plaintiff.   Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED**.

**SO ORDERED and RECOMMENDED**, this 5th day of November, 2012.

**s/   *THOMAS Q. LANGSTAFF***

**UNITED STATES MAGISTRATE JUDGE**

asb