IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| WILLIAM VAN JOHNSON, | : |
| Plaintiff, | : |
| v. | : Case No. 1:12-cv-31 (WLS) |
| DR. DWAYNE AYERS, and TIFFANY WHATLEY, | : |
| Defendants. | : |

**ORDER**

Before the Court is a Report and Recommendation from U.S. Magistrate Judge Thomas Q. Langstaff, filed November 5, 2012. (Doc. 22). It is recommended that Plaintiff's complaint be dismissed for failure to exhaust administrative remedies and for failure to state a claim upon which relief may be granted. (*Id.* at 6.) In his Complaint and Supplemental Complaint, Plaintiff, a prisoner, claims that Dr. Ayers and Health Services Administrator Whatley took his wheelchair and forced him to use crutches; forced him to wait for long periods of time to see medical staff; only permitted him to see a physician assistant; and refused to perform knee surgery, despite an orthopedist's diagnosis that Plaintiff needed a knee replacement. (Docs. 1, 6.)

Judge Langstaff construed these allegations as separate claims for relief and concluded that Plaintiff failed to exhaust all claims except his knee-replacement claim. (Doc. 22 at 2.) Because the PLRA requires exhaustion of prison-grievance procedure and Plaintiff mentioned only the denial of knee surgery in his prison-grievance filings, Judge Langstaff recommends dismissal of the other claims. (*Id.* at 6.) Furthermore, Judge Langstaff reasons that Plaintiff failed to state a claim of deliberate indifference to medical needs for his knee replacement because the allegations amount to, at most, a disagreement over proper medical treatment. (*Id.* at 5–6.)

1

The Report and Recommendation provided the Parties with fourteen (14) days[1] from the date of its service to file written objections to the recommendations therein. (*Id.* at 6.) The period for filing objections expired on Friday, November 23, 2012. To date, Plaintiff has not filed an Objection or provided an explanation for his failure to do so. (*See* Docket.)

Upon full review and consideration of the record,[2] and in view of the absence of an objection on the record, the Court finds that U.S. Magistrate Judge Thomas Q. Langstaff's November 5, 2012 Report and Recommendation (Doc. 22) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein. Accordingly, Defendants' Motion to Dismiss (Doc. 16) is **GRANTED**. Plaintiff's § 1983 Complaint (Doc. 1) and is therefore **DISMISSED** entirely.

**SO ORDERED**, this  14th  day of January 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**

---

[1] The Parties were given an additional three days because service was made by mail. *See* Fed. R. Civ. P. 6(d) (adding three days to specified period within which a party may act if service is made under Rule 5(b)(2)(C) by mailing process to a party's last known address).

[2] The Court agrees that Plaintiff has failed to state a claim for deliberate indifference to serious medical needs. To establish a claim of deliberate indifference, Plaintiff had to allege that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Nothing in the complaint allows the Court to reasonably infer Dr. Ayers or Whatley knew Plaintiff needed knee surgery or that placing him on crutches would create other problems.